**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FRANK MNUK** | § | |
| | § | |
| **V.** | § | **A-14-CV-1128-SS** |
| | § | |
| **STATE OF TEXAS** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The undersigned Magistrate Judge submits this Report and Recommendation pursuant to 28
U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District
Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States
Magistrate Judges.

Mnuk initiated this case as a purported removal of a criminal prosecution, arising out of a
simple speeding ticket.  Mnuk received the ticket on July 17, 2014 in Lee County Texas, from a
Texas Department of Public Safety officer.  The ticket alleges that on Highway 290 at mile marker
638, Mnuk was driving 75 mph in a 55 mph zone.  Apparently believing that filing a large amount
of what can only be referred to as "gobbledegook" would result in his not having to pay the ticket,
Mnuk filed a series of pleadings challenging the jurisdiction of the Lee County Justice of the Peace
over him because (among many other things), Mnuk asserts he is "a private person who lives and
travels at the common law."  Dkt. No. 13 (state court records).  When Mnuk's filings utterly failed
to stop the wheels of justice from rolling—indeed it instead resulted in Mnuk accruing an additional
charge for failure to appear—Mnuk attempted to remove the traffic ticket to this federal court, by

filing his "Counter Claim in the Form of an Affidavit Challenging Jurisdiction and Notice of Removal." Dkt. No. 1

Because it was not apparent from Mnuk's filing that what he was attempting to remove was a criminal proceeding, on January 6, 2015, the Court ordered Mnuk to complete an application to proceed *in forma pauperis*. Dkt. No. 7. In response, Mnuk filed more gobbledegook, never clarifying that he was seeking to remove a traffic ticket, and otherwise ignoring the Court's directives. Dkt. No. 5.[1] Lee County thereafter filed motions to remand and to dismiss for lack of jurisdiction, and attached the state court records. A review of the state court records makes it clear that Mnuk is seeking to remove a speeding case from the Lee County Justice of the Peace, Precinct 2, to federal court. Dkt. Nos. 11, 12, 13. Because the underlying case is a criminal case, there is no removal fee due. *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 285 (5th Cir. 1964).

In his response to the motions to remand and dismiss, in what could be viewed as a moment of true candor, Mnuk advises the Court that:

> Plaintiff maintains that Plaintiff is an idiot in acts of congress and laws passed by legislative action and does not understand legalese[2] and is not part of legal society therefore requires district court walk Plaintiff through the case in a court of law and

---

[1]Before it was made known to the Court that Mnuk was seeking to remove a speeding ticket, the Court found that Mnuk had failed to demonstrate that he was indigent and entitled to proceed *in forma pauperis*, and ordered Mnuk to pay a $400 filing fee in full on or before February 23, 2015. Dkt. No. 15. On February 23, 2015, Mnuk filed a document entitled "Answer to Order – Payment Required" (Dkt. No. 16). In this filing Mnuk submits to the Court what he calls a "Bill for Services," demanding the Court pay *him* $400 to cover the fee plus a $1,000 "processing fee." Dkt. No. 16 at 3. "Upon acceptance of payment," Mnuk writes, "i [*sic*] will fully comply with said order post haste." *Id.* However, he states that "if any recommendations are made prior to payment remitted to me and my payment made thereafter, then i [*sic*] will charge you $1000 a day for harm you are causing me and for trespassing on my right to due process of law." *Id.*

[2]This is somewhat surprising, given the copious amounts of (mostly incoherent) legalese Mnuk's pleadings contain.

assist Plaintiff in stylizing the pleading so that it can proceed through said court of
law and not throw out the case for failure to state a claim.

Dkt. No. 14 at 1. Though the Court is afraid Mnuk will not be happy with the result, the undersigned

will gladly "walk" Mnuk through the relevant law.

The statute governing procedure after removal in a criminal case states that:

[t]he United States district court in which such notice [of removal] is filed shall
examine the notice promptly. If it clearly appears on the face of the notice and any
exhibits annexed thereto that removal should not be permitted, the court shall make
an order for summary remand.

28 U.S.C. § 1455(b)(4). Only a very small class of criminal cases are removable to federal court.

28 U.S.C. § 1442 (criminal actions against federal law enforcement officers or officials for acts taken

in their official duties); 28 U.S.C. § 1442a (prosecutions of members of the armed forces); 28 U.S.C.

§ 1443 (prosecutions against officials enforcing or persons protected by civil rights statutes). As

Mnuk does not appear to be a federal law enforcement officer, a member of the armed forces or an

official enforcing civil rights statutes, the inquiry turns on whether he is a "person who is denied or

cannot enforce" before the Justice of the Peace for Lee County Texas, Precinct No. 2 "a right under

any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

A defendant seeking to remove under this provision must satisfy a two-prong test. *See,
Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). First, only rights arising "under a federal law
providing for specific civil rights stated in terms of *racial equality*" qualify. *Id*. (emphasis added)
(internal quotation marks and citations omitted). Neither constitutional nor statutory rights of
general applicability—*i.e.* those not based on race—will suffice. *Id*. For that matter, claims that
a defendant "will be denied due process of law because the criminal law under which he is being
prosecuted is *allegedly* vague or that the prosecution is *assertedly* a sham, corrupt, or without

3

evidentiary basis" are also insufficient. *Id.* (emphasis added). Second, it must be clear that because of a specific "pervasive and explicit" state law, "those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 828 (1966).

Mnuk's removal notice fails on its first pass. He is not a racial minority, and has not alleged any violation of civil rights laws related to race. *See*, Dkt. No. 13-1 at 12 (traffic citation identifying Mnuk as a white male). Even if he were, he has not identified how Texas courts would be inadequate to enforce his rights to racial equality. Simply put, a speeding ticket issued to a private citizen is quite plainly not one of the types of state criminal charges over which the federal courts have jurisdiction. It is therefore abundantly clear that, pursuant to 28 U.S.C. § 1455(b)(4), removal should not be permitted, and the case should be summarily remanded to the Justice of the Peace for Lee County Texas, Precinct No. 2.

The Court offers Mnuk one final piece of advice. The path Mnuk is on is one that is likely to turn a simple speeding ticket into a much bigger problem. As already noted, in addition to the ticket, Mnuk is now facing a charge of failure to appear. Further, in response to being directed to pay a filing fee in this case, Mnuk made demands that come dangerously close to violating Texas law.[3] Further, his pleadings filed here and in state court make demands and statements that could be viewed as threats against the judge presiding over his traffic ticket and the DPS officer who gave

---

[3]Texas law prohibits any person from delivering "any document that simulates a summons, complaint, judgment, or other court process with the intent to induce payment of a claim from another person." TEX. PENAL CODE § 32.48. This is particularly true when, as here, such documents are filed with a clerk of a court. *Id.* (establishing rebuttable presumption that documents delivered to the Court have requisite intent).

4

it to him.[4]  In short, before he gets himself into *real* trouble, Mr. Mnuk should just pay the damn ticket.

## II.  RECOMMENDATION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **REMAND** this case to the Justice of the Peace for Lee County Texas, Precinct No. 2.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report, and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466,

---

[4]For example, Mnuk states:  "Plaintiff believes that Troy D. Bise or and Martin Placke, on behalf of State of Texas, will continue to injure and harass with letters and threats and under warrant arrest and kidnap and incarcerate Plaintiff to lure Plaintiff to Lee County court or and lawless court in order to continue extortion practices on Plaintiff, as evidenced by Defendants' continued persistence with the original case and in this instance in this case (see Defendants answer and supplement to the case) in which Defendants have not honored Plaintiff's wishes to either dismiss with prejudice or discharge original case. Plaintiff will charge Defendant ONE MILLION DOLLARS ($1,000,000.00) if any man or woman acting on behalf of Defendant arrest or incarcerate or photograph or detain or requested of or ordered or any action resulting from Defendant interaction with Plaintiff."  Dkt. No. 14 at ¶ 27.

472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE