IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 JUL 16  AM 8:33
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

FRANK MNUK,
          Plaintiff,

-vs-                                                    Case No. A-14-CA-1128-SS

STATE OF TEXAS,
          Defendant.

**ORDER**

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Report and Recommendation of the United States Magistrate Judge [#17], to which Mnuk did not file objections, Lee County's Motion to Remand [#11], and Lee County's Motion to Dismiss [#12]. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders.

      All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Mnuk is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

On July 17, 2014, Plaintiff Frank Mnuk received a speeding ticket from a Texas Department of Public Safety officer while driving through Lee County, Texas. In a remarkable demonstration of tenacity, Mnuk has since flooded both this Court and the Justice Court, Precinct 2 of Lee County, Texas, with incomprehensible filings in an apparent attempt to avoid paying the ticket. Among many other passionate and irrelevant urgings, Mnuk asserts he: is "not the fictitious 'person' named MNUK, JOSEPH with all capital letters"; is "a living breathing human, sovereign being"; and has "the God-given right to travel down a public highway," apparently at whatever speed the Lord sees fit.

Unmoved by Mnuk's protestations and assertions of divine right, the Justice Court cited Mnuk for failure to appear after Mnuk pled not guilty to the speeding charge, requested a jury trial, and then neglected to show up for a subsequent hearing. Mnuk then attempted to remove the speeding case to this Court by filing his "Counter Claim in the Form of an Affidavit Challenging Jurisdiction and Notice of Removal" [#1]. Lee County thereafter filed a motion to remand and a motion to dismiss, attaching the state court records.

**Analysis**

Only a very small class of criminal cases are removable to federal court: (1) actions against federal law enforcement officers or officials for acts taken in performance of their official duties; (2) prosecutions of members of the armed forces; (3) prosecutions against officials for acts or refusals to act under civil rights statutes; and (4) suits "[a]gainst any person who is denied or cannot enforce" in the state courts "a right under any law providing for the equal civil rights of citizens of the United States." *See* 28 U.S.C. §§ 1442, 1442a, 1443. As there is no indication Mnuk is a federal

law enforcement officer, a member of the armed forces, or an official enforcing a civil rights statute, the question is whether Mnuk is a "person who is denied or cannot enforce" before the Justice Court, Precinct 2, of Lee County, Texas, "a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1).

A defendant attempting to remove a case under § 1443(1) must show both that: "(1) the right allegedly denied that defendant arises under a federal law providing for specific rights stated in terms of racial equality; and (2) the removal petitioner is denied or cannot enforce the specified federal rights in the state courts due to some formal expression of state law." *Oliver v. Lewis*, 891 F. Supp. 2d 839, 844 (S.D. Tex. 2012) (citing *Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982)). Mnuk's notice of removal plainly fails. Mnuk is not a racial minority, *see* State Court Records [#13-1] at 12 (speeding ticket identifying Mnuk as a white male), and has not alleged the violation of any civil rights laws related to racial equality. Accordingly, this Court lacks jurisdiction over this case, and remand is appropriate.

## Conclusion

Accordingly:

 IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#17] is ACCEPTED;

 IT IS FURTHER ORDERED that Lee County's Motion to Remand [#11] is GRANTED;

 IT IS FURTHER ORDERED that Lee County's Motion to Dismiss [#12] is DISMISSED AS MOOT; and

IT IS FINALLY ORDERED that this case is REMANDED to the Justice Court, Precinct 2, Lee County, Texas, under Docket No. 20141608.

SIGNED this the 15 day of July 2015.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE